UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JP Morgan Chase Bank N.A., | No. 2:22-cv-01938-KJM-JDP |
| Plaintiff, | ORDER |
| v. | |
| Mary Alice Nelson Rogers, | |
| Defendant. | |

On October 27, 2022, defendant Mary Alice Nelson Rogers, proceeding pro se, removed this unlawful detainer action from the Sacramento County Superior Court. ECF No. 1. As explained below, the court **remands** the case.

I.     **LEGAL STANDARD**

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332.

Under § 1331, district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."

*Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).  Federal question jurisdiction cannot rest upon an actual or anticipated defense or counterclaim.  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

Under § 1332, district courts have diversity-of-citizenship jurisdiction where the amount in controversy exceeds $75,000, and the parties are in complete diversity.  28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

A federal district court may remand a case sua sponte where a defendant has not established federal jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . ."); *Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).

**II.   DISCUSSION**

Rogers's notice of removal argues this court has both federal question and diversity jurisdiction.  However, the plaintiff's complaint filed in state court asserts only a claim for unlawful detainer of real property, which is a matter of state law.  ECF No. 1 at 3–10.  Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims."  *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005).  Because plaintiff's complaint does not show that it is based upon federal law, the court does not have federal question jurisdiction over the action.

Neither does the court appear to have diversity jurisdiction.  Plaintiff's complaint seeks possession of the premises and $78.33 fees for the writ issuance.  ECF No. 1 at 3.  Because Rogers has not provided any evidence to show that the amount in controversy likely totals more than $75,000, the court cannot exercise diversity jurisdiction over the action.  *See generally id*.

### III.   CONCLUSION

For the foregoing reasons, the court has determined sua sponte that it appears to lack subject matter jurisdiction, and thus **remands** the case to the Sacramento County Superior Court. *Cf. Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court.").

IT IS SO ORDERED.

DATED: November 14, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE